Filed 11/13/18; on remand

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN GABRIEL ACOSTA,<br><br>    Defendant and Appellant. | 2d Crim. No. B263849<br>(Super. Ct. No. 2012039886)<br>(Ventura County)<br><br><br>OPINION ON REMAND |

Prior prison term enhancements do not attach to a particular count or case. Instead, they attach to the aggregate sentence irrespective of whether that sentence is pronounced for multiple convictions in the same case or in multiple cases. Here, the trial court pronounced an aggregate sentence for multiple felony convictions in three separately brought cases, including the present case. The trial court "dismissed" six prior prison term enhancements in the present case because it had already imposed them in one of the other two cases. Such enhancements can be imposed only once on the aggregate sentence.

The purported dismissals of the six prior prison term enhancements in the present case were of no significance because the enhancements attached to the aggregate sentence and had

been imposed to increase that sentence. Thus, when the felony convictions in the two other cases were later reduced to misdemeanors pursuant to Proposition 47, there was no impediment to the reimposition of the six prior prison term enhancements upon resentencing in the present case unless the reimposition was barred by Proposition 47.

Juan Gabriel Acosta appeals from the judgment entered following Proposition 47 resentencing on the sole remaining felony conviction in the present case. The trial court originally sentenced him to a consecutive term of eight months (one-third the middle term of two years) and, as discussed above, dismissed six prior prison term enhancements. After the other felony convictions comprising the aggregate sentence had been reduced to misdemeanors pursuant to Proposition 47, on the remaining felony conviction the court resentenced him to prison for eight years: the middle term of two years plus six years for the six previously dismissed prior prison term enhancements.

Appellant contends that, although the trial court properly increased the sentence on the remaining felony conviction from eight months to two years (*People v. Sellner* (2015) 240 Cal.App.4th 699), it exceeded its jurisdiction by enhancing that sentence with the six previously dismissed prior prison term enhancements. In our original opinion filed on May 31, 2016 (*People v. Acosta* (2016) 247 Cal.App.4th 1072), we decided that all six prior prison term enhancements had been properly imposed even though the convictions underlying three of the prior prison terms were reduced to misdemeanors pursuant to Proposition 47. The California Supreme Court granted appellant's petition for review. On September 26, 2018, the Supreme Court transferred the matter back to us with directions

to "vacate [our] decision and . . . reconsider the cause in light of *People v. Buycks* (2018) 5 Cal.5th 857 [(*Buycks*)]."

We vacate our prior decision. Pursuant to *Buycks*, we remand the matter to the trial court for resentencing with directions to strike the three prior prison term enhancements based on felony convictions that were reduced to misdemeanors under Proposition 47. We follow the law as declared by our Supreme Court. (See *Myers v. Carini* (1968) 262 Cal.App.2d 614, 620.) In all other respects, we affirm.

*Procedural Background*

Pursuant to a negotiated disposition in the present case, in April 2014, appellant pleaded guilty to two felonies: second degree commercial burglary (count 1; Pen. Code, § 459)[1] and resisting an executive officer (count 3; § 69). He also pleaded guilty to a misdemeanor: disobeying a court order (count 4; § 166, subd. (a)(4)). He admitted six prior prison term enhancements (§ 667.5, subd. (b)) and one prior "strike" within the meaning of California's "Three strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) It was agreed that a felony charge of petty theft with a prior (count 2; § 666, subd. (b)) would be dismissed at the time of sentencing. In a felony disposition statement, appellant acknowledged that he could be sentenced to state prison for 13 years four months.

On May 15, 2014, appellant was sentenced on the convictions in the present case and two other cases: case No. 2014001248 (hereafter case 2) and case No. 2013039248 (hereafter case 3). In case 2, appellant was sentenced to prison

---

[1] All statutory references are to the Penal Code unless otherwise stated.

3

for 11 years: three years for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), plus six years for six prior prison terms enhancements (§ 667.5, subd. (b)), plus two years for an out-on-bail enhancement. (§ 12022.1, subd. (b).) In case 3 he was sentenced to a consecutive term of eight months for petty theft with a prior. (§ 666.) In the present case he was sentenced to a consecutive term of 16 months: eight months for each of the two felony convictions. The court dismissed the strike prior. The court dismissed the strike prior. It purported to dismiss the six prior prison term enhancements because in case 2 the same enhancements had been used to add six years to appellant's prison sentence. The parties informed the court that the prior prison term enhancements could "only [be] imposed once." The aggregate sentence in all three cases was 13 years. However, the trial court suspended the execution of the sentence and placed appellant on probation.

In September 2014 the trial court found that appellant had violated the terms of his probation. It terminated probation and ordered into effect the previously suspended 13-year prison sentence.

As a result of the passage of Proposition 47 in November 2014, the felony offenses in the three cases were reclassified as misdemeanors with one exception: resisting an executive officer in the present case. (§ 69.) In April 2015 appellant filed a petition for the recall of his felony sentence for second degree commercial burglary (§ 459) in the present case. Appellant requested that he be resentenced to misdemeanor shoplifting (§ 459.5) pursuant to section 1170.18, subdivisions (a) and (b).[2]

---

[2] Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction . . . of a felony or

4

At the hearing on his petition, appellant orally modified the petition to include case 2 and case 3. The court resentenced appellant to misdemeanors in both of these cases. It did not impose any jail time for the misdemeanor convictions. In addition, the court granted an application to designate as misdemeanors three prior felony convictions (case nos. 2001028823, 2006032094, and 2010008753) underlying three of the six prior prison term enhancements. The designation was pursuant to section 1170.18, subdivisions (f) and (g).[3]

In the present case, the court reduced appellant's felony burglary conviction to misdemeanor shoplifting. On the remaining felony conviction (§ 69), the court resentenced appellant to prison for the middle term of two years plus six

---

felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing" to a misdemeanor. Section 1170.18, subdivision (b) provides: "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

[3] Section 1170.18, subdivision (f) authorizes "[a] person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense" to apply to have the felony designated as a misdemeanor. Subdivision (g) of section 1170.18 provides, "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

5

years for the six previously dismissed prior prison term enhancements. Thus, the aggregate prison sentence in the present case was eight years.

*Subject to Proposition 47, the Trial Court Had the Authority to Reimpose the Previously Dismissed Prior Prison Term Enhancements*

When appellant was originally sentenced, the trial court purportedly dismissed the six prior prison term enhancements in the present case only because the same enhancements had been imposed in case 2 and, therefore, could not be imposed again. (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060 ["Prior prison term enhancements are status enhancements which can be imposed only once, on the aggregate sentence. [Citation.] Here, the sentence in [the present case] was made consecutive to the sentence in case [2], creating a single aggregate term"].) When appellant was resentenced in the present case the trial court imposed a one-year term for each of the six previously dismissed prior prison term enhancements. Appellant contends that the trial court "did not have the authority to resurrect [any of the] dismissed prison priors."

The purported dismissal of the six prior prison term enhancements in the present case was not a "true" dismissal because it did not insulate appellant from the enhancements' additional punishment. The same enhancements were imposed in case 2 as part of the aggregate sentence for all three cases. The sole reason for the purported dismissal in the present case was that they had already been imposed in case 2 and therefore could not be imposed again to increase the aggregate sentence. When the trial court resentenced appellant to a misdemeanor in case 2, the prior prison term enhancements in that case became

6

inapplicable because they can be imposed only where the new offense is a felony. (§ 667.5, subd. (b).) But the enhancements did not simply vanish by legal legerdemain. Subject to Proposition 47, they remained available for sentencing purposes because they had been imposed on the aggregate sentence and were not attached to a particular count or case. The trial court did not need to "resurrect" them. "Enhancements for prior convictions . . . have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence." (*People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on another ground in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401-402; see also *People v. Coronado* (1995) 12 Cal.4th 145, 156 ["Prior prison term enhancements . . . are attributable to the *defendant's status* as a repeat offender"].) Upon resentencing appellant for the sole remaining felony offense of resisting an executive officer, the six prior prison term enhancements were "added only once as a step in arriving at the aggregate sentence." (*People v. Tassell, supra,* at p. 90.)

*The Trial Court Must Strike the Three Prior Prison Terms Based on Felony Convictions Reduced To Misdemeanors under Proposition 47*

In *Buycks* our Supreme Court held, "[A] successful Proposition 47 petitioner may subsequently challenge, under subdivision (k) of section 1170.18, any felony-based enhancement that is based on that previously designated felony, now reduced to misdemeanor, so long as the judgment containing the enhancement was not final when Proposition 47 took effect."[4]

---

[4] Section 1170.18, subdivision (k) provides in relevant part: "Any felony conviction that is . . . designated as a misdemeanor

7

(*Buycks*, *supra*, 5 Cal.5th at p. 879; see also *id*. at p. 888 ["as to nonfinal judgments containing a section 667.5, subdivision (b) one-year [prior prison term] enhancement, we conclude that Proposition 47 and the *Estrada* rule [*In re Estrada* (1965) 63 Cal.2d 740] authorize striking that enhancement if the underlying felony conviction attached to the enhancement has been reduced to a misdemeanor under the measure"].)

The judgment containing the enhancements was not final when Proposition 47 took effect on November 5, 2014. Therefore, *Buycks* requires the trial court to strike the three prior prison term enhancements based on felony convictions reduced to misdemeanors under Proposition 47.

*On Remand, the Trial Court Shall*
*Conduct a Full Resentencing Hearing*

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' [Citation.]" (*Buycks*, *supra*, 5 Cal.5th at p. 893.) Thus, on remand the trial court will have "'jurisdiction to modify every aspect of [appellant's] sentence . . . , including the [two-year middle] term imposed as the principal term.'" (*Ibid*., quoting from *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259.)[5]

_____

under subdivision (g) shall be considered a misdemeanor for all purposes."

[5] In *Buycks* the Supreme Court noted, "Because the resentencing court had imposed the maximum possible sentence, . . . there is no need to remand the matter to the trial court to exercise its sentencing discretion anew." (*Buycks*, *supra*, 5 Cal.5th at p. 896, fn. 15.) Here, the trial court did not impose the

8

*Disposition*

Our prior decision is vacated. The matter is remanded to the trial court with directions to strike the three prior prison term enhancements based on felony convictions reduced to misdemeanors under Proposition 47. The case numbers for the stricken prior prison term enhancements are 2001028823, 2006032094, and 2010008753. The court shall conduct a full resentencing hearing as explained in the preceding section of this opinion. In all other respects, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

CERTIFIED FOR PUBLICATION.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

---

maximum possible sentence. Instead of the two-year middle term for the section 69 felony conviction, it could have imposed the three-year upper term. Thus, a full resentencing hearing is appropriate.

9

David Hirsch, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy and William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.