Filed 1/29/21  P. v. Montiel CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>EMILIO MONTIEL,<br><br>　Defendant and Appellant. | 2d Crim. No. B299956<br>(Super. Ct. No. 2019005079)<br>(Ventura County) |

Emilio Montiel appeals a judgment following his conviction, after a jury trial, for possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)), two felony counts; providing false information to an officer (§ 148.9, subd. (a)(1)), a misdemeanor; and delaying or obstructing an officer (§ 148, subd. (a)(1)), a misdemeanor.  Montiel fell within the purview of the "Three Strikes" law.  The trial court sentenced him to an aggregate state prison term of six years.  Included within that sentence were two one-year sentences because of true findings that Montiel served

---

[1] All statutory references are to the Penal Code.

prior prison terms which constituted sentence enhancements under former section 667.5, subdivision (b).

We conclude, among other things, that: 1) substantial evidence supports Montiel's conviction for delaying or obstructing an officer; 2) because of Senate Bill No. 136, the two prior prison term enhancements must be stricken; and 3) Montiel has not shown that the trial court erred by imposing a $900 restitution fine (§ 1202.4, subd. (b)) and a $900 parole revocation fine (§ 1202.45), which was "suspended unless parole is revoked." We remand for resentencing. In all other respects, we affirm.

FACTS

On November 19, 2018, Sheriff's Deputy Bill Meixner went to an apartment complex to arrest Brandy Mendez on an outstanding warrant. Mendez's brother told him that Mendez lived in the attached garage. Meixner went to the garage, knocked on the door a couple of times, and announced his presence. But there was no response for a period of five minutes.

Meixner had to force the door open. Mendez was inside. Montiel was also present. Meixner testified Montiel was trying to hide. Meixner ordered him to come out multiple times without a response. Montiel did not comply with Meixner's multiple orders, but after a delay he eventually came out. He was placed in handcuffs. Meixner testified Montiel's actions delayed him in performing his duties. When the deputies asked Montiel for his name, he told them he was Elliot Mesa. Sheriff's deputies eventually discovered his true name. After a search of the area, police found a gun and photo evidence from a cell phone that Montiel had also possessed another firearm at an earlier occasion.

## DISCUSSION

*Substantial Evidence*

Montiel contends there is insufficient evidence to support his conviction for delaying or obstructing an officer. (§ 148, subd. (a).) We disagree.

In reviewing the sufficiency of the evidence, we draw all reasonable inferences from the record in support of the judgment. We do not decide the credibility of the witnesses. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) Montiel cites some portions of the record and claims they support his position. But the issue is not whether some evidence supports appellant, it is whether substantial evidence supports the judgment.

" 'The legal elements of a violation of section 148, subdivision (a) are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.' " (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329.) One may not be convicted of this offense for merely failing to respond "with alacrity to police orders." (*Id.* at p. 1330.) But a defendant who responds to "police orders with defiance" may be convicted of this offense where his or her "defiant behavior constituted more than a temporary distraction." (*Ibid.*) Giving a false name to a police officer also constitutes a crime under this statute. (*People v. Christopher* (2006) 137 Cal.App.4th 418, 432.) "Willfully" is defined in the Penal Code, and its definition does not encompass a requirement of actual knowledge. "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness *to commit the*

3

*act*, or make the omission referred to.  It does not require any intent to violate law, or to injure another, or to acquire any advantage." (*People v. Mackreth* (2020) 58 Cal.App.5th 317, 330.

Here there was a five-minute delay by Montiel after Meixner announced his presence.  A trier of fact could reasonably find this was a very substantial delay caused by Montiel's recalcitrance.  Meixner testified that he specifically "announced that [he] was with the sheriff's department."  He heard "people talking inside the garage."  There was no response to his orders.  Meixner had to eventually break down the door to get in.  He was performing his law enforcement duties at that time.  Meixner testified that when he entered the garage, "it was obvious that [Montiel] was trying to conceal himself behind the rafters."  Montiel only came out after Meixner "yelled at him multiple times without [a] response."  From the evidence the jury could reasonably find that Montiel was hiding and he refused to comply with the officer's multiple lawful commands that he come out.  Meixner testified Montiel's actions delayed his performance of his job duties.  That evidence is uncontradicted.  This evidence supported the finding that Montiel "willfully resisted, delayed, or obstructed a peace officer." (*In re Muhammed C.*, *supra*, 95 Cal.App.4th at p. 1329.)

Montiel also gave a false name to the deputies.  The conduct of deliberately giving a false name to law enforcement officers is also a crime under this statute. (*People v. Christopher*, *supra*, 137 Cal.App.4th at p. 432.)  Moreover, the false name further delayed law enforcement in performing their duties.  It took additional time for the deputies to discover that the name Montiel gave was not his true name.  Here a trier of fact could reasonably infer that Montiel's "defiant behavior constituted

4

more than a temporary distraction" to Meixner's multiple lawful commands and the performance of his duties. (*In re Muhammed C., supra,* 95 Cal.App.4th at p. 1330.) It is Montiel's burden on appeal to show that the evidence does not support the judgment. He has not done so. The evidence is sufficient.

*Sentencing and Senate Bill No. 136*

For the two felony convictions (§ 29800, subd. (a)(1)), the trial court imposed a 16-month sentence which it doubled to 32 months because of a prior strike conviction for one felony and it added 16 months for the other felony. The court then added two years after finding Montiel had served prior prison terms falling under the sentencing enhancement of section 667.5, subdivision (b). For each of the two misdemeanors, it imposed a one-year concurrent sentence.

Montiel and the People note that the trial court imposed two one-year prior prison term enhancements (§ 667.5, subd. (b)) consistent with the law at the time of sentencing. But because of the subsequent enactment of Senate Bill No. 136, these enhancements must now be stricken. We agree.

"On October 8, 2019, the Governor signed Senate Bill 136 into law." (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340.) It changed the prior prison term enhancement (§ 667.5, subd. (b)) so that it now only applies to prior prison terms for sexually violent offenses. (*Lopez,* at pp. 340-341.) The parties agree that Montiel's prior prison terms were not for sexually violent offenses. The change in the law required by Senate Bill No. 136 applies retroactively to Montiel. (*Lopez,* at p. 341.) These enhancements must be stricken on remand.

The trial court did not impose the maximum possible sentence; consequently, it may reconsider its sentencing choices

5

in resentencing Montiel on remand.  (*People v. Acosta* (2018) 29 Cal.App.5th 19, 26; *People v. Lopez, supra*, 42 Cal.App.5th at p. 342; *People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

### *Validity of the Fines*

The trial court imposed $900 restitution and parole revocation fines.  Montiel contends "the $900 restitution and 'parole revocation' fines should be reversed because there was no evidence that Mr. Montiel has the ability to pay them."  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, he claims the court did not consider his ability to pay these fines before they were imposed and consequently they must be set aside.  He claims his counsel raised this issue in the trial court.

In *Dueñas*, the court held that imposing fines on defendants who lack the ability to pay violates due process. (*People v. Dueñas, supra*, 30 Cal.App.5th at p. 1168.)  Courts following *Dueñas* have held the defendant must have "the *opportunity to request a hearing* on his ability to pay . . . ." (*People v. Santos* (2019) 38 Cal.App.5th 923, 934-935, italics added.)

Here Montiel had that opportunity.  His counsel asked the trial court to strike these fines and he mentioned *Dueñas*.  But he *did not request an evidentiary hearing* on Montiel's ability to pay. Counsel did not present evidence, present a declaration, or make an offer of proof regarding Montiel's current financial condition. Counsel only stated, "[I]f [Montiel is] looking at a state prison sentence . . . , he would not have the ability to pay."

The People contend Montiel does not have grounds to object to the fines because:  1) he failed to present evidence of his inability to pay; and 2) he did not take advantage of his adequate

6

opportunity to make a factual record in the trial court to show trial court error on appeal. We agree.

The defendant is "obligated to create a record showing his inability to pay." (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1074.) Because Montiel is in the best position to know his own financial condition, he has the burden to show why a fine should not be imposed. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) He has not met his burden. His trial counsel only presented oral argument. Montiel consequently did not preserve a factual record in the trial court to support his claims on appeal. (*Ibid*; see also *People v. Santos*, *supra*, 38 Cal.App.5th at p. 934 ["it is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant *can* pay, as the *Dueñas* decision might be read to suggest"].)

But even on the merits, the result is the same.

Montiel contends the trial court erred by not allowing him to receive an ability-to-pay hearing. But there is no showing in this record that the court prevented Montiel's counsel from presenting evidence about his inability to pay. Instead, Montiel's counsel made a legal argument, and then said, "With that we would go ahead *and submit*." (Italics added.) Counsel's submission invited the court to decide the legal issues involving the fines based on the record before the court at that time. A party may be precluded from claiming error where that party invited the trial court to rule, and then claims on appeal that this ruling was premature. (*People v. Russell* (2010) 50 Cal.4th 1228, 1250; *In re G.P.* (2014) 227 Cal.App.4th 1180, 1193, 1196 [invited error doctrine barred claim on appeal].)

Montiel contends the trial court did not comply with its duty to consider the issue of his ability to pay fines and fees.

"Absent a showing to the contrary, we presume the trial court fulfilled its duty to make the requisite determination." (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1836.) Moreover, the record shows the trial court exercised its discretion in determining whether certain fees or costs would be waived based on inability to pay. For example, the court ruled that Montiel would not have to pay "the $2,100 presentence investigation fee cost." It also waived other fees after considering Montiel's ability to pay. The parole revocation fine was stayed pending successful completion of parole. The trial court may consider the probation department's assessment. Here the probation report contained a recommendation that the court impose these two $900 fines.

The two fines the trial court imposed are not unusually high. Montiel has not shown that two $900 fines are unconstitutional as being "grossly disproportional" when compared to the gravity of his criminal record and his felonies. (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 [141 L.Ed.2d 314, 329]; *People v. Aviles*, *supra*, 39 Cal.App.5th at p. 1070.) His record as a recidivist is substantial.

Moreover, " ' "[a]bility to pay does not necessarily require existing employment or cash on hand." ' " (*People v. Aviles*, *supra*, 39 Cal.App.5th at p. 1076.) The court may consider the defendant's ability to pay in the future. (*Ibid*.) This may include the defendant's "ability to earn prison wages." (*People v. Santos*, *supra*, 38 Cal.App.5th at p. 934.) These fines may be paid in installments. Montiel was sentenced to a substantial prison term. At the time of sentencing, he was 36 years of age. Montiel made no showing in the trial court that he has any physical disability that prevents him from working. (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487 ["If defendant was ineligible for prison

8

work assignment, it was incumbent upon him to alert the court to any such disability"].)  As stated in *Aviles*, "We can infer defendant in this case has the ability to pay the fines and fees imposed upon him from probable future wages, including prison wages."  (*Aviles*, at p. 1076; *People v. Gentry* (1994) 28 Cal.App.4th 1374, 1377 ["Appellant can satisfy the remainder of the debt either through what is left of his prison wages or through future employment"].)

Montiel, "as a felon sentenced to prison for a lengthy term, is not similarly situated to the misdemeanor probationer in *Dueñas*."  (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139.) Even had he shown error, the error is harmless.  (*Id.* at pp. 139-140; *id.* at p. 139 [the claim that a prisoner cannot pay "while serving an eight-year prison sentence is unsustainable"].)

Because this case must be remanded for resentencing, the trial court, however, will have the opportunity to reconsider whether to impose these fines.  (*People v. Acosta*, *supra*, 29 Cal.App.5th at p. 26.)  But based on the current record, Montiel has not shown the trial court abused its discretion by imposing them.

DISPOSTION

The case is remanded to the trial court for resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.                    PERREN, J.

9

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Will Tomlinson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.