Filed 3/19/21  P. v. Rosas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MICHAEL PAUL ROSAS, Defendant and Appellant. | D078109 (Super. Ct. No. RIF1200782) |


APPEAL from a judgment of the Superior Court of Riverside County, Mac R. Fisher, Judge.  Remanded with directions.

Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

FACTUAL BACKGROUND[1]

Defendant Michael Paul Rosas hosted a New Year's Eve party in the parking lot of his apartment complex. Christian, a neighbor's foster child, was angry with defendant because defendant had previously returned Christian to his foster home when he ran away. On the night of the party, Christian rode a scooter around the neighborhood, drinking alcohol and smoking marijuana. Christian became concerned defendant was looking for him so he enlisted the help of his brother Vincent. (*Rosas, supra,* D072623 at pp. 2–3.) When Vincent arrived at the party, he asked, "Who's fucking with my brother?" Defendant's friend then approached, in an effort to calm Vincent down. A verbal confrontation occurred between Vincent's friend and defendant's friend. In response to the confrontation, defendant walked up to the group, pushed his friend aside, pointed a gun at Vincent, and fired a single shot into his head. (*Id.* at pp. 3–4.) Defendant then directed a neighbor to dispose of Vincent's body, which was accomplished by placing Vincent in the trunk of the neighbor's car and dumping his body a few blocks away. Vincent died in the hospital six days later. (*Id.* at pp. 4–5.)

PROCEDURAL BACKGROUND

A Riverside County jury convicted defendant of second-degree murder. (Pen. Code,[2] § 187, subd. (a)) and also found true that he personally and intentionally discharged a firearm during the offense, proximately causing

---

[1]  A detailed recitation of the facts is not necessary. We briefly summarize the events as set forth in the Court of Appeal opinion in *People v. Rosas* (Jan. 12, 2018, D072623) [nonpub. opn.] (*Rosas*).

[2]  Further statutory citations are to the Penal Code unless otherwise stated.

2

great bodily injury or death to another person (§§ 1192.7, subd. (c)(8) & 12022.53, subd. (d)). Defendant was sentenced to 15 years to life for murder and a consecutive 25 years to life for the firearm enhancement for a total of 40 years to life in state prison. Defendant appealed and on January 12, 2018, the Court of Appeal affirmed the judgment. (*Rosas*, *supra*, D072623.)

Defendant thereafter filed a habeas petition seeking resentencing in light of Senate Bill No. 620, which amended section 12022.53, subdivision (h) to give trial courts discretion to "strike or dismiss" firearm enhancements imposed, in the interest of justice pursuant to section 1385. On the theory this change in the law applied retroactively to defendant, the court granted the petition. At resentencing, the trial court struck defendant's 25-year enhancement and imposed a 10-year sentence for an uncharged, lesser firearm enhancement under section 12022.53, subdivision (b). At that time, the People argued that *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), allowed the imposition of the 10-year sentence.

Defendant has filed an appeal from the imposition of the 10-year sentence for the lesser uncharged firearms enhancement under section 12022.53, subdivision (b).

## DISCUSSION

Defendant's sole issue on appeal is that at the time of resentencing, the trial court had no authority to sentence him to the 10-year sentence for an uncharged lesser firearms offense. The People, noting a split of authority on the issue, and also noting the issue is currently before the California Supreme Court, now agree the imposition of the sentence was improper.

After reviewing the court's resentencing and current case law, we agree with the parties.

3

Contrary to *Morrison*, the court in *People v. Tirado* (2019) 38 Cal.App.5th 637 (*Tirado*) review granted November 13, 2019, S257658, held trial courts did not have the authority to reduce a firearms enhancement that was found true to a lesser uncharged enhancement. It ruled section 12022.53 conferred on trial courts only the authority to strike or dismiss the enhancement if it were not imposed.

We need not engage in a detailed analysis of *Tirado* and *Morrison*. Both parties have offered thoughtful reasons why we should follow the reasoning of *Tirado*. A number of cases raising the issue are before the Supreme Court including *People v. Valles* (2020) 49 Cal.App.5th 156, 167, review granted July 22, 2020, S262757; *People v. Garcia* (2020) 46 Cal.App.5th 786, 790–791, review granted June 10, 2020, S261772; *People v. Yanez* (2020) 44 Cal.App.5th 452, 458, review granted April 22, 2020, S260819.

In addition, as the People have noted, our Supreme Court has observed that the discretionary authority to strike provided in section 1385 is limited in scope. Section 1385 may not, for example, be invoked in order to reduce a first degree murder conviction to second degree murder, or to reduce an offense of conviction to an uncharged lesser related offense. (See *In re Varnell* (2003) 30 Cal.4th 1132, 1134–1138.)

The parties disagree on the disposition we should impose. The People ask that we remand for resentencing, whereas defendant asks that we strike the unauthorized 10-year sentence enhancement and affirm the sentence of 15 years to life.

At the sentencing hearing, the prosecutor told the court it had discretion under *Morrison*, *supra*, 34 Cal.App.5th 217, to strike the 25-year enhancement and to impose one of the lesser enhancements of section

4

12022.53, either 10 years or 20 years. (§ 12022.53, subds. (b) [10-year enhancement for personal use of firearm] & (c) [20-year enhancement for personal discharge of firearm].) The court relied on the holding of *Morrison* when considering whether to strike the 25-year firearm enhancement. It struck the 25-year enhancement and imposed a 10-year enhancement in its place, in reliance on *Morrison*.

A court must be correctly informed when exercising its discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) The court here was not correctly informed when it based its discretionary decision on *Morrison*. The court's decision to strike the 25-year enhancement was based in part on the ability to impose a significant, but lesser, enhancement for use of a firearm. We cannot discern from the record if the court would have stricken the longer enhancement if it could not impose any penalty for defendant's use of a firearm. We therefore strike the 10-year sentence on the enhancement and return this case to the court to reconsider whether to strike the 25-year firearm enhancement. Its choices under the statute are to impose, strike or dismiss the enhancement. (§§ 1385, 12022.53, subd. (h).)

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893; accord, *People v. Bell* (2020) 48 Cal.App.5th 1, 24 [upon appellate court's striking of a section 667.5, subd. (b), prior prison term enhancement, "the trial court is entitled to reconsider appellant's entire sentence"]; *People v. Acosta* (2018) 29 Cal.App.5th 19, 26 [on remand for resentencing "the trial court will have ' "jurisdiction to modify every aspect of [appellant's] sentence" ' "].) Defendant claims that the statement of the "full resentencing rule" in *Buycks*

5

is dicta because *Buycks* involved an issue under Proposition 47. The *Buycks* court simply restated the general rule that is ordinarily applicable at resentencing. (*Buycks*, at p. 893.) Of note, the court here recognized that it would have to resentence defendant if *Morrison* were incorrect. The court stated, "I am willing to stick my neck out subject to it coming back to me again. If *Morrison* is not the law of the land of California, . . . then I suppose this might not be the last time we visit." On remand, the court should decide anew whether to impose or strike the 25-year enhancement.

DISPOSITION

In light of the current state of the law and existing authority, we agree with the parties and accept the concession offered by the People. We order the 10-year enhancement stricken and we remand the case to the Superior Court to resentence defendant in accord with this opinion.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

6