Filed 10/10/23  P. v. Millare CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B318452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA135442) |
| v. | |
| MARIANO DEPORIS MILLARE, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Sentence vacated; cause remanded with directions.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising

Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.

———————————

Acting on Mariano Deporis Millare's petition for writ of habeas corpus, the Supreme Court in October 2021 issued an order, returnable before the Los Angeles Superior Court, directing the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to show cause why Millare was not entitled to relief on his claim that the 20-year sentence imposed on his conviction for shooting at an occupied vehicle was unauthorized. At the hearing, after appointing counsel for Millare, the trial court vacated the erroneous sentence it had previously imposed and resentenced Millare to a 10-year term on that count (the middle term of five years doubled pursuant to the three strikes law). After initially deferring the matter for further briefing, the court denied Millare's request to reconsider other aspects of his sentence in light of new ameliorative legislation, concluding it lacked jurisdiction to do so. We reverse and remand to the trial court to conduct a full resentencing hearing for Millare in accordance with the principles articulated in *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*) and *People v. Padilla* (2022) 13 Cal.5th 152.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Millare's Conviction and First Revised Sentence*

As detailed in *People v. Millare* (Mar. 16, 2021, B305761) [nonpub. opn.] (*Millare II*) dismissing Millare's appeal from the denial of his motion for resentencing pursuant to Penal Code former section 1170, subdivision (d)(1) (now section 1172.1,

2

subdivision (a)(1)),[1] Millare was convicted by a jury in 1996 of attempted willful, deliberate and premeditated murder (§§ 187, subd. (a), 664), assault with a semiautomatic firearm (§ 245, subd. (b)), attempted robbery (§§ 211, 664) and shooting into an occupied motor vehicle (§ 246) with true findings that Millare had personally used a firearm when committing the attempted murder and two of the other felonies (§ 12022.5, subd. (a)) and had suffered a prior violent or serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony conviction under section 667, subdivision (a). We affirmed the judgment on appeal. (*People v. Millare* (Feb. 10, 1998, B108492) [nonpub. opn.] (*Millare I*).)

In March 1998, shortly after we had affirmed Millare's convictions and in response to a notice from the CDCR identifying an error in Millare's sentence, the trial court resentenced Millare to an aggregate indeterminate state prison term of life plus 37 years: life with the possibility of parole for attempted murder plus 10 years for the firearm enhancement; a consecutive upper term of nine years for assault with a semiautomatic weapon, doubled under the three strikes law, plus four years for the firearm enhancement; plus five years for the prior serious felony conviction. The court imposed a term of three years four months (one-third the middle term of five years doubled under the three strikes law) for shooting at an occupied vehicle to run concurrently with the term for aggravated assault and imposed and stayed pursuant to section 654 a term of two years four months for attempted second degree robbery.

---

[1] Statutory references are to this code.

3

2. *The December 2019 Hearing To Correct Millare's Sentence and the Denial of Millare's Motion for Resentencing*

On January 11, 2018 a correctional case records analyst on behalf of the CDCR sent the trial court a letter (with a follow-up letter from the CDCR in January 2019 to the Los Angeles County District Attorney) indicating the court had erred in imposing a concurrent sentence of one-third the middle term of the applicable triad for shooting at an occupied vehicle, which is proper only when sentencing determinate terms consecutively. In June 2018 Millare filed a motion for recall of sentence and resentencing under former section 1170, subdivision (d), based on the CDCR's January 11, 2018 letter.

On December 31, 2019, without Millare in court but with his counsel and a prosecutor present, the trial court modified Millare's sentence nunc pro tunc by deleting the sentence previously imposed for shooting at an occupied vehicle and instead imposing "the mid-term of 10 years, doubled [as a second strike offense], for a total of 20 years to run concurrent with count 4." In its minute order the court explained the CDCR's January 11, 2018 letter had been "placed in a box with various other documents and found at a later date."

Ten weeks later, on March 11, 2020, the trial court denied Millare's motion for resentencing, ruling the CDCR letters seeking clarification or correction of errors in Millare's sentence did not trigger a right to resentencing under former section 1170, subdivision (d)(1). Neither Millare nor his counsel was present. Millare appealed the March 11, 2020 order denying his motion for resentencing; he did not appeal the December 31, 2019 resentencing order.

### 3. Millare II *and the Supreme Court's Order To Show Cause*

We dismissed Millare's appeal in *Millare II, supra,* B305761, explaining Millare's June 2018 request for resentencing, which sought an opportunity to seek dismissal of several formerly mandatory sentencing enhancements, did not fall within any of former section 1170, subdivision (d)(1)'s exceptions to the trial court's general lack of resentencing jurisdiction. In particular, the CDCR analyst's letter inquiring about a possible sentencing error that prompted the December 31, 2019 correction in Millare's sentence was not from the CDCR secretary, as required by former section 1170, subdivision (d)(1), and did not, either expressly or implicitly, recommend recalling Millare's sentence. Accordingly, we held, the trial court lacked jurisdiction to rule on Millare's motion; and the order denying the motion was not appealable.

Although dismissing Millare's appeal, our opinion noted the trial court, when attempting to correct its initial error in sentencing Millare for violating section 246, made another mistake: The sentencing triad for a felony violation of section 246 is three, five or seven years, which, if doubled for a second strike offense, would authorize a prison term of six, 10 or 14 years, not 20 years. However, we stated, because we lacked jurisdiction to consider Millare's appeal from the March 11, 2020 order (and he had not appealed the December 31, 2019 sentencing order), correction of that error needed to await a future judicial proceeding. (*Millare II, supra,* B305761, fn. 4.)[2]

---

[2] As our colleagues in Division Two of this court have explained, "The unavailability of a motion procedure does not deprive wrongfully incarcerated defendants of a remedy. A

5

Millare did not seek review of *Millare II* in the Supreme Court. Instead, on May 10, 2021 Millare filed a petition for writ of habeas corpus in the Supreme Court (*In re Millare*, S268703), stating as grounds for relief, "The trial court was not authorized to impose a 20 year sentence for a second strike violation of Penal Code section 246." Millare's petition asked the Supreme Court to vacate the sentence imposed during the December 31, 2019 hearing and to direct the trial court to hold a resentencing hearing at which he was present or validly waived his right to be present.

On October 20, 2021 the Supreme Court issued an order to show cause directing the Secretary of the CDCR to show cause, returnable before the Los Angeles County Superior Court, why Millare was not entitled to relief based on his claim that the 20-year sentence imposed on his conviction for violating section 246 was unauthorized. (*In re Millare* (Oct. 20, 2021, S268703).)

### 4. *Proceedings in the Trial Court Following the Order To Show Cause*

At a hearing on November 19, 2021 the trial court stated on the record that the People conceded the sentence imposed on the section 246 count exceeded the maximum and was unlawful. The court put the matter over for resentencing on that count only.

At the hearing on January 26, 2022 the prosecutor stated his understanding that "it's here only for a clerical issue." The

---

defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus. Indeed, the purpose of the writ is to give summary relief against such illegal restraints of personal liberty." (*People v. King* (2022) 77 Cal.App.5th 629, 640.)

6

court initially responded, "You can call it a clerical issue, but it's a clerical issue that was raised on habeas relating to something that happened in the sentence."  The court continued, "Fixing it may be nothing more than a clerical issue," and "corrected" count 6 "to reflect midterm of five years doubled for 10 years."  Millare's counsel, conceding that the hearing was not a resentencing at the request of the district attorney or the CDCR (as authorized by former section 1170, subdivision (d)(1)), advised the court that Millare requested the court consider exercising its discretion to strike the firearm enhancements that had previously been imposed.  The court indicated uncertainty whether it had jurisdiction to consider that request when it was "a habeas as to . . . one count, not the entire case."  The court continued the matter to allow Millare's counsel to address the jurisdiction issue.

The resentencing issue was apparently again discussed at subsequent hearings, but ultimately the court on April 25, 2022 ruled it had jurisdiction only with respect to count 6:  "Petitioner has filed a second request that the court revisit his sentence on this case because, ostensibly, the court gained jurisdiction to resentence the defendant with[in] 120 days of his resentencing on count 6.  However, the resentencing was only as to that count and not as to count 1 [for attempted murder]. . . .  The request for resentencing is denied."

Millare filed separate notices of appeal from the resentencing order on January 26, 2022 and the order denying any further resentencing on April 25, 2022.  On December 22, 2022 we granted Millare's request to consolidate the two appeals.

## DISCUSSION

Millare contends the trial court erred in failing to reconsider his entire sentence in light of current sentencing law

when, after the matter was returned to it following the Supreme Court's order to show cause and the People conceded the sentence imposed for shooting at an occupied vehicle was unauthorized, the trial court vacated the sentence on that count and resentenced him. The Attorney General, in contrast, insists, "[T]he California Supreme Court's remittitur limited the trial court's jurisdiction to addressing the error as to Count 6 only." The Attorney General reads the Supreme Court's order to show cause far too narrowly and ignores the principle the Supreme Court in *Buycks*, *supra*, 5 Cal.5th at page 893 labeled "the full resentencing rule."[3]

As discussed, the Supreme Court directed the CDCR to address why Millare was not entitled to relief from the unauthorized sentence imposed on his conviction for shooting at an occupied vehicle. It did not order the trial court to "correct a clerical error" in one portion of the judgment, and its remittitur was not so limited or restricted. Following the People's concession that the sentence was, indeed, unauthorized, the trial court granted relief, vacated the illegal part of Millare's sentence and resentenced him. As a consequence, under *Buycks* "'a full resentencing as to all counts [was] appropriate, so the trial court

---

[3]     In *Buycks, supra*, 5 Cal.5th 857 the Supreme Court held the mandate of Proposition 47 (the Safe Neighborhoods and Schools Act) that a felony reclassified or redesignated as a misdemeanor be considered a misdemeanor for all purposes permitted a defendant to challenge felony-based section 667.5 enhancements in a nonfinal judgment when the underlying felonies had been subsequently redesignated as misdemeanors. The *Buycks* Court then held, when sentencing enhancements were stricken on review, the defendant on remand was entitled to a full resentencing as to all counts. (*Buycks*, at p. 893.)

8

[could] exercise its sentencing discretion in light of the changed circumstances.'" (*Buycks*, *supra*, 5 Cal.5th at p. 893.)  As explained in *People v. Walker* (2021) 67 Cal.App.5th 198, 206, "[A] criminal sentence is, like an atom, indivisible:  '[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme.' [Citations.]  The trial court has a duty never to impose an unauthorized sentence, and a corollary of this duty is to ensure that *all* components of that sentence are authorized by the law and the facts at the time any new sentence is imposed."  (See *People v. Bell* (2020) 48 Cal.App.5th 1, 24 [upon appellate court's striking of a section 667.5, subdivision (b), prior prison term enhancement, "the trial court is entitled to reconsider appellant's entire sentence"]; *People v. Acosta* (2018) 29 Cal.App.5th 19, 26 [on remand for resentencing "the trial court will have '"jurisdiction to modify every aspect of [appellant's] sentence"'"].)

That Millare's unauthorized sentence had been part of a final judgment and was vacated as a result of a petition for writ of habeas corpus does not limit the trial court's resentencing authority.  As the Supreme Court explained in *People v. Padilla*, *supra*, 13 Cal.5th 153, "When a habeas corpus court vacates a prior judgment and orders a new trial or new sentencing hearing, the prior judgment—now ineffective—can no longer be a final one."  (*Id.* at p. 164.)  That is exactly what happened here, notwithstanding the court's mistaken view it was merely correcting a clerical error:  In response to the Supreme Court's order to show cause, the trial court granted Millare's habeas corpus petition and vacated the unauthorized sentence.  The judgment was no longer final, and under *Buycks* and *Padilla* the

9

trial court was obligated to consider the full range of sentencing options available to it when resentencing Millare.

## DISPOSITION

Millare's sentence is vacated, and the cause remanded to the trial court with directions to resentence Millare in accordance with all governing law, including any recently enacted ameliorative legislation that may be applicable.


PERLUSS, P.J.

We concur:


SEGAL, J.


FEUER, J.