Filed 8/14/25  P. v. Zuniga CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337146 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA086531) |
| v. | |
| ANGEL ROBERT ZUNIGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Reversed and remanded.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Angel Robert Zuniga was convicted of attempted carjacking (Pen. Code, §§ 664 & 215, subd. (a))[1] (the 2013 conviction) and carrying a concealed dirk or dagger (§ 21310) (the 2014 conviction). The trial court sentenced defendant to 14 years six months on the 2013 conviction, with a concurrent term of four years on the 2014 conviction. Both parts of the aggregate sentence contained now-invalid enhancements for prior prison terms (former § 667.5, subd. (b)). On the 2013 conviction, all such enhancements were stayed; on the 2014 conviction, two were imposed and executed.

In 2024, the trial court partially resentenced defendant pursuant to section 1172.75. However, the court denied resentencing as to the portion of defendant's sentence arising from the 2013 conviction, finding that section 1172.75 did not apply to stayed enhancements.

Our Supreme Court recently held that section 1172.75 applies to stayed enhancements. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).) Moreover, we agree with defendant's position—and the People's concession—that the trial court should have applied section 1172.75 to both terms of defendant's aggregate sentence. Accordingly, we reverse the trial court's order and remand for new resentencing proceedings.

## BACKGROUND

I. *Charges, Convictions, and Aggregate Sentence*

On February 6, 2013, two separate informations were filed against defendant. The first charged him with attempted carjacking. (§§ 664 & 215, subd. (a).) It also alleged that defendant personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)); was on bail when he committed

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

the offense (§ 12022.1); and had suffered three prior convictions (§ 667.5, subd. (b)).[2]

The second information charged defendant with carrying a concealed dirk or dagger (§ 21310) and alleged that he had five prior convictions (§ 667.5, subd. (b)).[3]

In November 2013, a jury convicted defendant on the attempted carjacking charge, and found true the allegation that he personally used a firearm. Defendant later admitted to the bail allegation and to three prior convictions.

At his January 2014 sentencing hearing in the carjacking matter, defendant pled no contest to the concealed carrying charge and admitted to five prior convictions.

The trial court sentenced defendant to a total of 14 years six months in state prison. His aggregate sentence consisted of 14 years six months for the 2013 conviction, including the firearm and bail enhancements, and a concurrent term of four years for the 2014 conviction. The concurrent term was comprised of a midterm sentence of two years and two one-year prior prison term enhancements.

The trial court stayed sentences on the remaining prior prison term enhancements, including on all three convictions admitted as to the 2013 conviction.

---

[2] Specifically, the information alleged that defendant had a 2007 conviction for illegally manufacturing a weapon or explosive (former § 12020); a 2010 conviction for unlawful possession of ammunition (former § 12316, subd. (b)(1)); and a 2011 conviction for possession of controlled substances while armed with a firearm (former Health & Saf. Code, § 11370.1).

[3] In addition to the three prior convictions described above, the second information included two 2007 convictions for unlawful taking of a vehicle (former Veh. Code, § 10851).

3

II.     *Notification of Sentencing Error and Resentencing Petition*

In December 2022, the California Department of Corrections and Rehabilitations notified the trial court that defendant's sentence was unauthorized, as the base term for the 2014 conviction should have been one-third the midterm sentence (former § 1170.01, subd. (a) [renumbered 1172, eff. 6/30/22]) and should have run consecutive to defendant's other terms (§ 12022.1, subd. (e)).

On January 31, 2024, defendant filed a petition for a full resentencing hearing. Among other things, defendant asked the trial court to strike all of the now-invalid prior prison term enhancements pursuant to section 1172.75. The People opposed the motion.

III.    *Resentencing Hearing and Appeal*

At the March 7, 2024 resentencing hearing, the trial court considered both parts of defendant's sentence separately. As to the 2013 conviction, the court denied defendant's request for a full resentencing, ruling that section 1172.75 did not provide relief for invalid prior prison term enhancements that were imposed and stayed.

On the 2014 conviction, the trial court reduced defendant's base sentence to a consecutive eight-month term and struck the prior prison term enhancements associated with the 2014 conviction.

Defendant timely appealed.

## DISCUSSION

Prior to January 1, 2022, former "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).) That

4

changed with the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.), which rendered "legally invalid" most section 667.5, subdivision (b) enhancements imposed prior to January 1, 2020, including the ones at issue here.[4]  (§ 1172.72, subd. (a)).)

When defendant was resentenced, the appellate courts were split as to whether section 1172.75 applied to prior prison term enhancements that were imposed and stayed.  (Compare *People v. Renteria* (2023) 96 Cal.App.5th 1276 with *People v. Rhodius* (2023) 97 Cal.App.5th 38.)  Our Supreme Court has since answered that question in the affirmative.  (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)  Defendant is thus entitled to resentencing relief for all his prior prison term enhancements, including those that were stayed.

Moreover, we agree with the parties that the trial court erred in considering only part of defendant's aggregate sentence for resentencing.  Prior prison term enhancements "attach to the aggregate sentence irrespective of whether that sentence is pronounced for multiple convictions in the same case or in multiple cases." (*People v. Acosta* (2018) 29 Cal.App.5th 19, 21.)  And "'[t]he invalidity of one component'" in an aggregate sentence "'infects the entire scheme[,]'" necessitating reconsideration of the sentence as a whole.  (*People v. Walker* (2021) 67 Cal.App.5th 198, 206.)

---

[4]     Following Senate Bill No. 483, a prior prison term enhancement may only be "imposed for a prior conviction for a sexually violent offense."  (§ 1172.75, subd. (a).)  None of defendant's prior convictions qualify.

5

We therefore reverse and remand this matter for a full resentencing hearing on the entirety of defendant's aggregate sentence.[5]

## DISPOSITION

The trial court's March 7, 2024 order is reversed. On remand, the court is directed to recall defendant's sentence and to resentence him under section 1172.75, subdivision (d).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
      ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON

---

[5] This disposition renders moot defendant's remaining arguments, including that the trial court improperly gave him a longer aggregate sentence upon resentencing, did not give him an opportunity to withdraw his plea to the 2014 conviction, and miscalculated his custody credits.

6