Filed 9/15/25  P. v. Orozco CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083908 |
| v. | (Super.Ct.No. 16CR030622) |
| ALONZO OROZCO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed and remanded with instructions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

Alonzo Orozco appeals the trial court's order declining to resentence him under Penal Code section 1172.75, which declares legally invalid most prison prior enhancements imposed before 2020 and requires courts to strike such enhancements and resentence defendants whose sentences include them.[1]  The People argue he is ineligible for resentencing under section 1172.75 because at his initial sentencing the court stayed the punishment for the enhancement.  We affirm.

BACKGROUND

In 2018 Orozco was convicted of several crimes.  At Orozco's sentencing, the court said "there were two priors alleged pursuant to 667.5(b), one-year priors, that actually the Court is considering not imposing," and reiterated this sentiment moments later by stating "[t]he Court was considering striking the two one-year priors as not really being meaningful in this case."  It ultimately found true the two prison prior enhancements but said it was "going to strike the two one-year prior prison terms.  The sentence that Mr. Orozco's serving is basically a life sentence, and those are not meaningful, so I will strike those."

In 2023 the California Department of Corrections and Rehabilitation (CDCR) identified Orozco, among others, as an inmate serving a sentence that contained a prior prison term enhancement, and referred him to the trial court for possible resentencing under section 1172.75.  The trial court cited *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), reversed by *People v. Rhodius* (2025) 17 Cal.5th 1050, and concluded it

---

[1]  Unlabeled statutory citations refer to the Penal Code.

2

"lack[ed] jurisdiction for resentencing under 1172.75 based on the fact that the 667.5(b) priors were stricken or stayed at the time of pronouncement of judgment." It therefore denied Orozco's request for resentencing.

## DISCUSSION

In 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728) added section 1171.1 to the Penal Code, later re-numbered to section 1172.75. This section says "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 charges the "Secretary of the Department of Corrections and Rehabilitation [CDCR] and the county correctional administrator of each county" to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and provide certain information about those people "to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Once a trial court is made aware of a sentence which includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Such resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) The resentencing is also not limited to merely striking the now-invalid enhancements, as "section 1172.75 requires a full

resentencing, not merely that the trial court strike the newly 'invalid' enhancements."

(*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

To date, two published cases define whether section 1172.75 provides relief where the enhancement or the punishment for the enhancement was stricken: *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*) and *People v. Tang* (2025) 109 Cal.App.5th 1003 (*Tang*). In *Espino* the sentencing court "imposed a prison prior, but stated that it was 'striking that additional punishment.' " (*Espino*, at p. 194.) The reviewing court relied heavily on those cases disagreeing with the now reversed Court of Appeal opinion in *Rhodius* in holding that so long as an enhancement is imposed—even if the court strikes the punishment for that enhancement—defendants are entitled to relief under section 1172.75. (*Id.* at p. 196 [after discussing the split, concluding there is "no good reason to reject the weight of authority interpreting section 1172.75 and imply an execution requirement into the word " 'impose.' "].) *Espino* is currently pending review before the California Supreme Court.

The circumstances in *Tang* were different. There, an appellate court struck the prison prior enhancement before the defendant sought resentencing. (*Tang*, *supra*, 109 Cal.App.5th at p. 1006.) The *Tang* court noted that this scenario was unlike any previously considered, because the enhancement was not imposed and executed, imposed and stayed, or imposed with punishment stricken, but stricken entirely. (*Tang*, at pp. 1007-1008.) According to *Tang* in that circumstance "[i]t would be anomalous to conclude that an enhancement was both imposed by and stricken from the judgment."

4

(*Id.* at p. 1008.)  Accordingly, the court concluded that resentencing under section 1172.75 was not available to defendants whose enhancements had been stricken entirely.  (*Id.* at p. 1009.)

Therefore, the primary question before us is whether the sentencing court struck the enhancement or just the punishment for the enhancement, as under section 1385, subdivision (b)(1) it may do either.  Considering the court's order in the context of the entire record, we conclude it intended to strike the enhancement itself, not merely the punishment for the enhancement.

In the sentencing hearing, shortly before asking Orozco to give up his right to a trial on the prison priors, the court stated "there were two priors alleged pursuant to 667.5(b), one-year priors, that actually the Court is considering not imposing."  Orozco then waived his trial right.  Moments later, in explaining its tentative sentence, the court repeated this same sentiment by saying "[t]he Court was considering striking the two one-year priors as not really being meaningful in this case."  These are unambiguous statements that the court was considering striking the enhancements, not just the punishment.  If the court was considering striking just the punishments, it would need to impose the enhancements.  Saying it was considering not imposing them at all is therefore the same as saying it was considering striking the enhancements.  In his argument, accordingly, the prosecutor stated that he was "assuming the Court strikes the two one-year priors."  Moreover, as the court explained the sentence it would impose, it

gave no indication that it would impose the prison prior enhancements but strike their punishment.

Given this context, we read the court's ultimate statement that it was "going to strike the two one-year prior prison terms" to mean that it intended to strike the enhancements themselves and not just the punishment for the enhancements. Unlike most other enhancements, these enhancements are sometimes referred to using the word "term" when speaking of the enhancement itself, and not just the punishment on the enhancement. (See, e.g., *People v. Acosta* (2018) 29 Cal.App.5th 19, 25 [trial court "must strike the three prior prison terms"] [bolding, italics, and capitalization omitted]; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1563 [trial court has decision "to impose or strike the three prior prison terms"].) Indeed, immediately after saying it was going to strike the prior prison terms, the court reiterated that "[t]he sentence that Mr. Orozco's serving is basically a life sentence, and those [enhancements] are not meaningful, so I will strike those." Like the earlier statements, this final statement provides no indication that the court intended to impose the enhancements and strike the punishment only. Therefore, on the oral record alone we believe the sentencing court struck Orozco's enhancements, and not merely the punishment for the enhancements.

The abstract of judgment is not helpful in the determination of what the oral pronouncement meant. The abstract of judgment incorrectly records the enhancements as stayed by using an "S" in the appropriate box. That did not happen. If the trial court had intended to only strike the punishment, the form abstract of judgment provides that the

6

clerk should enter the abbreviation "PS"—for punishment stricken.  The oral transcript shows that the abstract of judgment is in error and should be corrected.  Our reading of the record is that it should be corrected by removing any reference to the enhancements.

Because the sentencing court struck the enhancements themselves, we apply *Tang* and conclude that Orozco is not entitled to relief under section 1172.75.  We therefore affirm the trial court's order denying his petition.

## DISPOSITION

We affirm the trial court's order denying Orozco's petition under section 1172.75, but remand with instructions to correct the abstract of judgment by removing any reference to the stricken enhancements, and to correct the sentencing minute order to reflect that the enhancements were stricken rather than stayed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


CODRINGTON
Acting P. J.


MENETREZ
J.

7